UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENUS BY MARIA TASH, INC., a New York Corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>PRINATRIAM LTD, a Cyprus Limited Liability Company, dba GALLERIA ARMADORO; GALLERIA ARMADORO TRADING LTD, a Cyprus Limited Liability Company; EPAMINONDAS CHOULIARAS; and DIMITRA CHOULIARAS,<br><br>　　　　　　　　　Defendants. | Civil Case No. 1:21-cv-02098-LGS<br><br><br>~~[PROPOSED]~~<br>**DEFAULT JUDGMENT** |

Before the Court is Plaintiff Venus by Maria Tash, Inc.'s ("Plaintiff" or "Maria Tash") motion for default judgment. The Court, having considered the motion, and having found good cause, therefore hereby ORDERS, ADJUDGES, and DECREES:

1.　　This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a), and the principles of supplemental jurisdiction. This Court has personal jurisdiction over Defendant pursuant to New York CPLR §§ 301 and/or 302(a). Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and/or (d).

2.　　The Summonses and Complaint in this action were served, by alternative means as permitted by the Court, upon Defendants' counsel on January 12, 2022 by FedEx and January 13, 2022 by email. ECF No. 33. Defendants have not answered, moved, or otherwise responded to the Complaint, and their default were noted in Clerk's Certificates of Default issued on March 2 and March 3, 2022. ECF Nos. 39, 40, 41, 43.

3. Plaintiff owns copyright in the following 20 original and creative jewelry designs (the "Maria Tash Designs"), and owns copyright registrations for two of these designs (U.S. Reg. Nos. VA 2-136-485, VA 2-136-482):



| | |
|---|---|
| 5. |  |
| 6. | |
| 7. | |
| 8. | |
| 9. | |



| | |
|---|---|
| 15. | |
| 16. | |
| 17. | |
| 18. | |
| 19. | |
| 20. | |



4.      Maria Tash is also the owner of the CORONET trademark in connection with jewelry, which Plaintiff has used in commerce since 2016 (the "CORONET Mark"). Through continuous use and extensive sales, advertising, and promotion, the CORONET Mark has acquired goodwill and has become known to consumers as a source indicator.

5.      Defendants advertise, market, promote, offer to sell, and sell jewelry products that intentionally copy and are substantially similar to the Maria Tash Designs.

6.      Defendants have also adopted and used the CORONET Mark in connection with their advertising, marketing, and offer for sale of jewelry products. Defendants' use of the CORONET Mark in connection with jewelry is likely to cause confusion or mistake or to deceive persons into the erroneous belief that Defendants' products are those of Plaintiff or that Defendants' products are endorsed by, sponsored, or connected in some way with Plaintiff.

7.      Defendants falsely advertise that their articles of jewelry are created by one or more of the Defendants when they are, in fact, cheap reproductions of the Maria Tash Designs.

8.      Though Defendants have been put on notice of their infringing activity, they continue to offer for sale articles of jewelry that infringe upon the Maria Tash Designs and CORONET Mark, thereby harming Plaintiff, Plaintiff's business reputation, and the Maria Tash brand generally.

9.      Defendants' aforementioned acts have been willful, wanton, and in bad faith, and with the intent to misrepresent the source of Defendants' products and trade off of the Maria Tash Designs, and the reputation and goodwill of Plaintiff.

10.     Defendants' aforementioned acts constitute (1) copyright infringement, (2) trademark infringement under the Lanham Act, (3) false advertising, false designation of origin, false representation of fact, unfair competition, and passing off under the Lanham Act, (4)

trademark infringement under New York common law, (5) unfair competition under New York common law, (6) deceptive acts and practices under N.Y. Gen. Bus. L. § 349, (7) false advertising under N.Y. Gen. Bus. L. § 350, and (8) injury to business reputation and dilution under N.Y. Gen. Bus. L. § 360-l.

11. Plaintiff is entitled to a default judgment against Defendants and a permanent injunction enjoining Defendants' infringing acts.

12. Defendants, their officers, subsidiaries, parents, divisions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, or any of them, are permanently enjoined from:

    a. using or authorizing others to use the CORONET Mark, any other trademarks of Maria Tash, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof in connection with the offering for sale, sale, advertising, promotion, marketing, distribution, importation or dissemination of any product or service;

    b. using or authorizing others to use any false designation of origin or any other thing that is calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' business, services, or products are in any way associated or affiliated with or related to Maria Tash;

    c. manufacturing, reproducing, offering for sale, selling, advertising, promoting, marketing, distributing, importing, accepting delivery of, warehousing or displaying (on the Internet or otherwise) any products that copy the Maria Tash

Designs or any designs substantially similar thereto, including without limitation the following:



| | |
|---|---|
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |



| | |
|---|---|
| 18. |  |
| 19. | |
| 20. | |

d.      otherwise copying, reproducing, distributing, transforming into a different medium, or using to create derivative works, the Maria Tash Designs or Plaintiff's other original works of authorship, or otherwise infringing the copyright in the Maria Tash Designs; and

e.      any other conduct that violates Maria Tash's intellectual property rights under either federal or New York state law.

13.      ~~Plaintiff is hereby awarded actual damages as a result of Defendants' aforementioned infringing acts in the amount of $227,808.00. Defendants shall promptly pay such amount to Plaintiff together with interest pursuant to 28 U.S.C. § 1961 from the date of this Order and Judgment until fully paid.~~ The case is referred to Judge Lehrburger for a damages inquest. A separate referral will issue.

14.      Defendants are ordered to deliver for destruction any and all products or other things in Defendants' possession, custody, or control that infringe upon the Maria Tash Designs

or the CORONET Mark or are used for making such infringing items, including all products identified in Paragraph 12 hereof.

15. Pursuant to 15 U.S.C. § 1116(a), Defendants shall, within thirty (30) days after entry of this Order and Judgment, file with the Court and serve on counsel for Plaintiff a written statement under oath setting forth in detail the manner and form in which Defendants have complied with and completed those actions ordered by this Order and Judgment, including without limitation the date(s) on which each such action was taken.

16. Defendants shall immediately provide a copy of this Order and Judgment to any and all officers, subsidiaries, parents, divisions, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, or any of them.

~~17. This Court maintains exclusive jurisdiction to enforce this Order and Judgment. As a breach of this Order and Judgment will result in immediate and irreparable harm to Plaintiff, if at any time Defendants are found to have violated this Order and Judgment, Defendants shall be liable for all reasonable attorneys' fees that Plaintiff may incur in enforcing this Order and Judgment.~~

18. The Clerk of the Court is directed to enter this Order and Judgment forthwith, without further notice.

~~**THIS IS A FINAL JUDGMENT.**~~

Dated: New York, New York
~~March __, 2022~~
May 13, 2022

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

12